No. 37.—Otis Smith, administrator, &c. of Wilie Warmack, deceased, plaintiff in error *vs.* Thomas C. Burn, plaintiff in exeution, and Freeman McLendon, defendants in error.

From Troup Superior Court.

Motion to dismiss the case upon the following grounds, that is —

First. There was no notice filed in the clerk's office of the Court below, of the signing of the bill of exceptions.

Second. The testimony had on the trial below, was not embodied in the bill of exceptions.

Third. The bill of exceptions was not signed within four days after the adjournment of the Court below by the presiding Judge.

Dougherty, for plaintiff.

Bull, for defendant.

Smith, admr. *vs.* Burn and McLendon.

*By the Court*—LUMPKIN, J. delivering the opinion.

The motion must be sustained upon all of the grounds embraced in it, any one of which would be fatal to the writ.

The fourth section of the Act creating this Court, 1 *Kelly's R.* VI, requires, "that when any bill of exceptions shall have been signed and certified by the Judge of the Superior Court, *that notice thereof* shall be given to the adverse party, or his counsel, within ten days after the same shall have been done, and *shall be filed* in the clerk's office immediately thereafter.

By the same section of the same organic law, *Ibid*, it is provided, " that any cause of a civil nature, either on the law or equity side of the Superior Court, may be carried up to the Supreme Court on a bill of exceptions, specifying the error or errors complained of in any decision or judgment, to be drawn up by the party complaining thereof, his counsel, solicitor, or attorney, *within four days after the trial of the cause,* and submitted to the Judge, to be by him certified and signed.

By the 4th Rule of this Court, *Ib.* XI, it is declared that " a brief of the oral, and a copy of the written evidence adduced in the Court below, shall be embodied in the bill of exceptions, and shall constitute a part of the same."

In this case no *notice* has been given of the signing of the bill of exceptions. It is apparent, from the record, that the bill of exceptions was presented to the presiding Judge, and signed and certified by him, on the *fifth* day after the trial of the cause. And no portion of the testimony of Jesse McLendon is incorporated in the bill of exceptions, notwithstanding the record shows that he was examined as a witness by the defendant in error in the Court below ; and that one of the errors complained of on the trial at the Circuit, was the reception of said testimony.

The writ must be dismissed.